**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **NADEL AND GUSSMAN, LLC,** an Oklahoma limited liability company, **SPYGLASS ENERGY GROUP, LLC,** an Oklahoma limited liability company, <br><br>                      **Plaintiffs,** <br><br>vs. <br><br>**REED FAMILY RANCH, LLC, et al.,** <br><br>                      **Defendants.** | Case No. 13-CV-570-TCK-TLW |

## OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Amend Order (Doc. 31), which requests that the Court amend its Opinion and Order (Doc. 26) to include a certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) ("Motion for Certification").[1] Also before the Court is Defendants' Motion to Strike (Doc. 33), which requests that the Court strike the Motion to Amend Order.

**I.      Background**

On February 24, 2014, the Court issued an Opinion and Order, which dismissed Plaintiffs' Complaint based on a lack of federal subject matter jurisdiction. The Court dismissed the case without prejudice to re-filing in state court and entered a judgment of dismissal. On March 25, 2014, Plaintiffs filed a Notice of Appeal. On the same date as their Notice of Appeal, Plaintiffs also filed their Motion for Certification, arguing that the Opinion and Order satisfied the requirements of § 1292(b) and should be amended to include a certification for interlocutory appeal. Defendants responded, arguing that certification was unnecessary, as the Court's Order was a final, appealable order. Defendants further argued that the motion was a transparent attempt to "stack" the appellate record with new arguments that were not previously made or considered by the Court. Defendants

---

[1] Plaintiffs did not request that the Court reconsider its Opinion and Order. Plaintiffs merely argued that the order should be certified for interlocutory appeal.

also moved to strike the Motion for Certification from the record (Doc. 33), arguing that striking the motion was necessary to "maintain the integrity of the appellate record."

## II.     Motion for Certification

"When a district judge, in making in a civil action an order *not otherwise appealable* . . . shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. § 1292(b) (emphasis added). The Court's Opinion and Order, which dismissed the case for lack of federal jurisdiction, was a final, appealable order. *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001) ("Although a dismissal without prejudice is usually not a final decision, where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable."); *Facteau v. Sullivan*, 843 F.2d 1318, 1319-20 (10th Cir. 1988) ("The critical determination is whether plaintiff has been effectively excluded from federal court under the present circumstances."). Here, the Court clearly and unequivocally excluded Plaintiffs from proceeding further in federal court, and certification under § 1292(b) is unnecessary. Therefore, Plaintiffs' Motion for Certification is denied.

## III.    Motion to Strike

The Court agrees with Defendants that the Motion for Certification makes new arguments and couches the legal issues differently than in prior briefs. Any such arguments have not been considered by the Court and were not properly raised prior to the Court's ruling.[2] The Court also agrees with Defendants that the Motion for Certification seems like an attempt to inject new

---

[2] Upon first blush, these arguments would not change the Court's conclusion. But the crucial point is that the Motion for Certification is not the proper time to make new arguments or re-frame issues.

arguments into the trial record rather than actually obtain permission to appeal.  The law is settled that the dismissal order was appealable, and Plaintiffs filed an actual Notice of Appeal one day prior to the Motion for Certification.  However, Defendants have not cited a specific procedural rule permitting the Court to strike the Motion for Certification,[3] and it is the role of the appellate court to determine what arguments to consider or not consider on appeal.  Striking the motion is simply not necessary, and the Motion to Strike is denied.

## IV.    Conclusion

Plaintiffs' Motion to Amend Order (Doc. 31) is DENIED.  Defendants' Motion to Strike (Doc. 33) is DENIED.

IT IS SO ORDERED this 15th day of May, 2014.

**TERENCE KERN**
**United States District Judge**

---

[3] Federal Rule of Civil Procedure 12(f) applies only to pleadings.  *Structural Concrete Prods., LLC v. Clarendon Am. Ins. Co.*, 244 F.R.D. 317, 321 (E.D. Va. 2007) (explaining that a motion is not a pleading and may not be stricken pursuant to Rule 12(f)).